JANVIER, Judge.
At about 11:30 P.M., on the night of May 10th, 1947, there was an automobile collision at the intersection of Canal' and Basin Streets, in New Orleans. This litigation is the result.
The two cars involved were a Ford Coupe, which was being driven out Canal Street towards Lake Pontchartrain by its owner, Roy J. Cheramie, and a Hudson Coupe, which was being operated by its owner, Emile B. Barris. The Hudson had been driven in Canal Street towards the Mississippi River and had turned to its left to cross Canal Street, at Basin Street, because Barris intended to take one of his guest passengers to her residence which was below Canal Street.
Cheramie, thinking that the Hudson car was owned by Nola Electric, Inc., and that it was being driven by Barris in the scope and course of his employment by Nola Electric, Inc., brought this suit against ■that corporation, alleging that the cost of repairing his Ford car had been $124.09 and that the accident had been caused by the negligence of Barris. He prayed for judgment against Nola Electric, Inc., for that amount.
Nola Electric, Inc., answered denying that the Hudson Coupe was owned by it and denying also that, at the time, it was being operated by Barris in the course and scope of his employment by that corporation. Plaintiff, Cheramie, then filed a supplemental petition in which he alleged that he had learned that the Hudson Coupe was in fact owned by Barris and was being operated by him at the time “on a mission of his own,” and Cheramie then prayed that Barris be made defendant and that there be judgment against him for $124.09.
Nola Electric, Inc., and Barris answered the supplemental petition, admitting the occurrence of the accident, but denying all *769 negligence on the part of Barris, and Barris then assumed the position of plaintiff in reconvention and averred that the accident had been caused by the negligence of Cheramie in driving at. an excessive rate of speed; in failing to allow Barris the right of way, although he had preempted the intersection; in failing to give Barris the right of way to which he was entitled “under ordinances and laws of the City of New Orleans;” in attempting to “beat” Barris’ automobile across the intersection, and in ignoring the fact that the signal light favored Barris at the time.
Barris averred that his automobile had been damaged to the extent of $61.48 and that, in addition, he had found it necessary “to expend in rentals and fares the sum of $70.00,” and he prayed for judgment in re-convention against Cheramie in the sum of $131.48.
When the case came to trial in the First City Court it was stipulated that' should there be judgment for Cheramie, it should be in the amount prayed for, to-wit $124.09, and that should there be judgment in favor of Barris in reconvention, it should be for at least $61.48, the cost of repairing his automobile, and that “it remains to be shown on the trial of this case if the defendant and plaintiff in reconvention, is entitled to a judgment, if he should be entitled to an additional sum as prayed for.”
After a trial on the merits, there was judgment dismissing the suit of plaintiff and there was further judgment in favor of Ba-rris, plaintiff in reconvention, and against Cheramie in the sum of $61.48.
Cheramie appealed devolutively and sus-pensively.
Barris did not appeal nor file answer to the appeal of Cheramie.
The record shows that Cheramie was driving his car on Canal Street towards Lake Pontchartrain and that Barris was driving his car also on Canal Street, on the other side, in the opposite direction, and that when Barris reached the intersection of Basin Street, he proceeded across the first driveway and, after he had passed the neutral ground of Basin Street, turned to his left to go down Basin Street, which maneuver necessitated his crossing the lower driveway of Canal Street. He says that when he reached the second driveway of Basin Street, the light facing him was green and that he had to wait for it to turn to green, in the other direction, so that he could turn left and cross Canal Street. In this he is corroborated by Miss Angie Parker, a guest passenger in his car. They both say that when the accident occurred the light favored the Barris car and showed red towards the Cheramie car.
They. say, too, that ahead of their car there was another car which was crossing Canal Street on the favorable light and that their car followed immediately behind the other car.
Cheramie says that as he came to the first roadway at the intersection of Canal Street and Basin Street, the light facing' him was green and that he “continued on with the traffic.” He says that to his right and a little in front of him there was another automobile which had proceeded across the intersection because the light facing him and that other automobile was green.
In the Barris automobile, in addition to Miss Parker, there was another guest passenger, a Miss Gamble, who did not appear as a witness, the reason given being that, at the time of the trial, she was in Birmingham, Ala. In the car of Cheramie, at the time, there were three passengers, no one of whom appeared as a witness. Cheramie stated that two of them were in California, but made no explanation about the absence of the third passenger.
We find no facts which would justify the conclusion that the trial court was obviously wrong in deciding that the accident resulted from the negligence of Cher-amie, and accordingly, we see no reason to reverse the judgment. Since Barris neither answered the appeal nor appealed himself, we have not discussed the question of whether the amount of the judgment in his favor should be increased.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.
REGAN, J., absent, takes no part.